March 4, 1977

# 77-11 MEMORANDUM OPINION FOR THE ATTORNEY GENERAL

## Provision of Transportation and Other Services to Former Presidents and Vice Presidents

The President has asked for advice as to the proper way to handle requests from former Presidents and Vice Presidents for transportation, Secret Service protection for overseas trips, and personal use of the services of Government employees.

For reasons stated more fully hereafter, we conclude that both transportation and limited use of Government employees may be provided to all former Presidents during their lifetime and to former Vice President Rockefeller until July 20, 1977, if such transportation and usage of employees is directly connected with, and required for, Secret Service protection of these persons.

### I. Secret Service Protection

Under 18 U.S.C. § 3056, Secret Service protection is to be made available to all former Presidents during their lifetime. The Presidential Assistance Act of 1976, Pub. L. No. 94–524, 90 Stat. 2475, expanded the Secret Service's authority by granting the Secretary of the Treasury and the Director of the Secret Service wide discretion to determine what services are necessary to ensure the adequate protection of the former Presidents and to call on other agencies of the Government for assistance. Under Pub. L. No. 95–1, 91 Stat. 3, enacted January 19, 1977, that protection may be extended to Vice President Rockefeller until July 20, 1977. The following discussion of the former Presidents' use of Government-furnished transportation and employees' services applies equally to Mr. Rockefeller until July 20, 1977.

### II. Transportation and Use of the Services of Government Employees

The Director of the Secret Service has statutory authority to furnish transportation and other services to former Presidents if he determines that such transportation and services are required in connection with

the protection of those persons. In a previous memorandum responding to an inquiry from the White House, we specifically advised that a determination by the Director of the Secret Service that military aircraft may be used to transport former President Ford on personal business in order to facilitate Secret Service protection, could furnish an adequate basis for the detail of available military aircraft to fly the former President.

The above guidelines are equally valid whether the transportation is within or without the United States, the crucial inquiry being whether, according to the Director, such transportation by other than common carrier is required in order to protect the former President.

Similarly, in that memorandum we concluded that a Government employee—in that case a medical corpsman—could be assigned to the former President traveling on personal business only upon a determination that the assignment was necessary to maintain Secret Service protection. We take the same view with respect to any other Government employees who might be detailed to the former President.

We would emphasize that the authority to administer the statutes relating to the protection of former Presidents and others eligible for Secret Service protection is vested by statute in the Secretary of the Treasury and the Director of the Secret Service. Those officials are charged with the responsibility for deciding whether to grant particular requests for transportation or use of the services of Government employees on a case-by-case basis.

JOHN M. HARMON
*Acting Assistant Attorney General*
*Office of Legal Counsel*
